{¶ 30} I concur with the majority regarding its disposition of the second assignment of error, but am obliged to dissent regarding disposition of the first.
 {¶ 31} By her first assignment, appellant challenges the proportionality of her sentence, pursuant to R.C. 2929.11(B). In effect, she argues that the seriousness and *Page 9 
recidivism factors, set forth at R.C. 2929.12, indicate a shorter sentence was appropriate. The majority's application of Foster to this challenge is not justified. Foster gives trial courts full discretion to impose sentences in the statutory range, and consecutive sentences. Id. at paragraph seven of the syllabus. It eliminates the appellate statute, R.C. 2953.08(G)(2), regarding sections of the sentencing statutes which were severed. Foster at ¶ 99. However, nothing in Foster dictates that the sentencing statute is inapplicable regarding sections of the sentencing statutes which retain their vitality — such as R.C.2929.11(B), and R.C. 2929.12. Any challenge to the proportionality of asentence of imprisonment will, necessarily, challenge its length. But absent further direction from the Supreme Court of Ohio, this collateral effect of a proportionality challenge does not justify appellate courts in applying an abuse of discretion standard to such challenges. Stare decisis indicates the appropriate analysis is that dictated by R.C.2953.08(G)(2): de novo, applying the clear and convincing standard.
 {¶ 32} In the instant case, I believe that either a de novo review, or one premised on abuse of discretion, indicates potential misapplication of those factors indicating a lower chance of recidivism.[1] See, e.g., R.C. 2929.12(E). I think the record indicates that the R.C.2929.12(E)(4) factor ("[t]he offense was committed under circumstances not likely to recur * * *) was present in this case, and required more complete exploration by the learned trial judge. *Page 10 
 {¶ 33} I further question the power of this panel to issue opinions overruling established precedent of this court, and purporting to be binding on other, differently constituted panels. This is in complete contravention of the principle of stare decisis.
 {¶ 34} Accordingly, while concurring regarding the second assignment of error, I must dissent regarding the first.
[1] Review under an abuse of discretion standard still requires this court to consider whether sentencing guidelines have been properly applied. State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 49, quoting Firouzmandi, supra, at ¶ 56. *Page 1